Charles Herrmann (WA Bar #6173)
Email: charles@hslawfirm.com
John Scholbe (WA Bar #29433)
Email: john@hslawfirm.com
Attorneys for Plaintiffs
**HERRMANN SCHOLBE**
505 5th Ave South, Ste. 630
Seattle, WA 98104
Voice: (206) 625-9104
Fax:   (206) 682-6710

Richard E. Brown, (CA. Bar #104253)
Email: rebrownlaw@aol.com
Attorney for Plaintiffs
**LAW OFFICE OF RICHARD E. BROWN**
POB 1420 Alamo, CA 94507
Voice: (925) 295-0700
Fax:   (925) 952-4339

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOO JA CHOI,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ASIANA AIRLINES, Inc., a Korean Corporation,<br><br>　　　　　　Defendant. | Case Number:<br><br>**3:14-cv-03738**<br><br>**COMPLAINT FOR DAMAGES**<br>**&**<br>**DEMAND FOR JURY TRIAL** |

　　Comes now the Plaintiff, by and through her attorneys Charles Herrmann and John Scholbe of the **HERRMANN SCHOLBE** law firm and Richard E. Brown of the **LAW OFFICE OF RICHARD E. BROWN** and hereby alleges and complains against the Defendant as follows:

Complaent　　　　　　　　　　　　　1　　　　　　　　　　**HERRMANN SCHOLBE LAW FIRM**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　505 5th Ave South, Ste. 630
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Seattle, WA 98104
　　　　　　　　　　　　　　　　　　　　　　　　　　　　P: 206.625.9104
　　　　　　　　　　　　　　　　　　　　　　　　　　　　F: 206.682.6710

### 1. Jurisdiction

This Court has original jurisdiction pursuant to *28 U.S.C § 1331*, in that this cause arises under the laws, regulations, and treaties of the United States, including but not limited to the *Convention for the Unification of Certain Rules for International Carriage by Air Done at Montreal on May 28, 1999*, hereinafter referred to as the "Montreal 1999," reprinted in *S. Treaty Doc. No. 106-45*.  These causes of action are for personal injuries sustained by Plaintiff Boo Ja Choi as a result of an accident that occurred while she was a paid passenger onboard the Defendants' international flight OZ 231 from Honolulu, Hawaii, USA to Incheon, Republic of Korea on or about August 20-21, 2012.

1.2   More specifically, this court has jurisdiction over this cause of action pursuant to *Montreal 1999,* Article 33 *"Jurisdiction,"* which provides that at her option, plaintiff may bring an action in the territory of a State Party in which at the time of the accident she has her principal and permanent residence and to or from which the defendant carrier operates services for the carriage of passengers by air.

1.3   Additionally, the amount in controversy exceeds seventy five thousand ($75,000) U.S. dollars.

### 2. Venue

2.1   Venue in this Northern District of California is proper pursuant to 28 U.S.C.A. § 1391(d) in that Defendant Asiana Airlines, Inc. is present and doing business in this Northern District of California.

### 3. Parties

3.1   Plaintiff's married name is Boo Ja Choi. Her maiden name was Boo Ja Kim. According to Korean traditional customs, women retain their maiden names rather than adopting their husband's family name. However, when Ms. Choi immigrated into the USA, she took her husband's family name "Choi." Although she is now divorced from her former husband, she still uses Choi as her last name for all legal

Complaint

2

**HERRMANN SCHOLBE LAW FIRM**
505 5th Ave South, Ste. 630
Seattle, WA 98104
P: 206.625.9104
F: 206.682.6710

purposes in the U.S. Yet, back in Korea, as is the custom there, she uses her maiden family name Kim.

3.2 Plaintiff Boo Ja Choi was a passenger on defendants' flight OZ 231, which departed Honolulu, Hawaii on August 20, 2012. During the flight she suffered injuries.

3.3 Defendant Asiana Airlines, Inc., is a Korean corporation. However, it is present, licensed and doing business as an international airlines in San Francisco, California, USA.

### 4. Facts

4.1 Ms. Choi was a passenger onboard Defendant Asiana's flight OZ 231 on August 20-21, 2012 from Honolulu, Hawaii to Incheon, Korea. She was accompanying her elderly mother, Yong Soon Yoo, after celebrating her mother's 80th birthday in Hawaii.

4.2 At some time after it crossed the International Date Line into August 21, 2012 near the skies over Japan and without warning, the flight experienced severe turbulence. Ms. Choi's mother was at that moment returning to her seat the bathroom. She fell fracturing her left leg. The turbulence momentarily stopped. All flight attendants remained seated; none rendered aid to Ms. Yoo laying on the floor of the plane with a broken leg. Ms. Choi confirmed that the fasten seatbelt sign was off and then unbuckled her seatbelt to attempt to render aid to her mother. Immediately, the airplane fell precipitously causing Ms. Choi to violently strike her head on the ceiling of the aircraft and then sustained painful lacerations as her teeth punctured wounds into her lips as her chin struck the seat in front of her as she plunged back into her seat.

### 5. First Cause of Action - Treaty Passenger Liability

5.1 Plaintiffs re-allege all of the allegations contained in paragraphs 1.1 through 4.2 as though they were fully set forth and incorporated herein.

Complaint

3

*HERRMANN SCHOLBE LAW FIRM*
505 5th Ave South, Ste. 630
Seattle, WA 98104
P: 206.625.9104
F: 206.682.6710

5.2     Under the terms of the Montreal 1999, Article 21 *Compensation in case of death or injury of passengers*, this Plaintiff passenger has no burden of proof other than to establish the nature and extent of her damages as a result of an accident while she was a passenger onboard on an international flight conducted by Defendant carrier.  The Defendant carrier cannot exclude or limit its liability for damages up to an amount equaling 113,100 Special Drawing Rights (SDR), which as of the date of this complaint equals $174,177.40 U.S. Dollars.

### 6. Second Cause of Action for Negligence

6.1     Plaintiffs re-allege all of the allegations contained in paragraphs 1.1 through 4.2 as though they were fully set forth and incorporated herein.

6.2     To the extent that the amount of any of Plaintiff's damages exceed 113,100 SDRs, the Defendant Asiana cannot escape liability unless it meets *its* burden of proof that such damage was not due to the negligence or other wrongful act or omission of the Defendant Asiana or its servants or agents; or, such damage was solely due to the negligence or other wrongful acts or omissions of a third party.

6.2     Nonetheless, the Defendant acting through their authorized agents, including but not limited to the pilot-in-command, other cockpit crew, and/or Defendants' cabin personnel were clearly negligent in failing to: warn plaintiff and her elderly mother of impending turbulence; keep the fasten seatbelt sign on; render effective aid to helpless Ms. Yoo laying on the floor with a broken leg; and, in failing to render appropriate first aid to plaintiff Choi.

6.3     Plaintiff believes that the precise cause of the accident will be more clearly revealed once discovery conducted herein and, therefore, may be request the right to amend this complaint to properly allege more precise details of the Defendant's negligence as they are established.

6.4     All acts and/or omissions on the part of the agents of the Defendants that led to this accident and Plaintiffs' injuries, which constitute negligence and were performed and/or omitted within the scope of, and in furtherance of, their agency.

Thus, under the doctrine of *Respondeat Superior,* the Defendant is liable for any and all of the acts or omissions of said agents.

    6.5    The negligent acts and/or omissions of the Defendants were the direct and proximate cause of damages to each of these Plaintiffs.

### 7.  Damages

    7.1    As a result of the described acts of the Defendant, Plaintiff suffered grievous bodily injuries; the extent of which will be proven at the time of trial.

    7.2    Further, Plaintiff suffered, and continues to suffer fright, terror, emotional pain, and other suffering such as a terrible fear of flying, all of which were significantly caused by the bodily injuries she sustained in this accident. The full extent of all her bodily and emotional injuries will be proven at the time of trial.

    7.3    Plaintiff also suffered monetary losses including, but not limited to: medical bills; loss of income; damage to her clothing, and other financial losses, the full extent of all of which will be proven at the time of trial.

    7.4    Thus, Plaintiff suffered and continues to suffer special and general damages – past, present, and future for which the Defendant is liable as a matter of international treaty law and as a direct and proximate result of the aforementioned negligence of the Defendants.

### 8. Prayer for Relief

**WHEREFORE,** Plaintiff prays for judgment against the Defendant as follows:

    8.1    Actual special and general damages sustained by the Plaintiff in amounts to be proven at trial;

    8.2    Any and all other damages to which Plaintiff may be entitled under applicable law;

    8.3    Pre-judgment and post-judgment interest as allowed by law.

    8.4    Actual and reasonable attorney fees incurred in bringing this action;

    8.5    All reasonable and necessary costs incurred in bringing this action; and,

    8.6    Such other relief as the Court deems just and equitable in the premises.

## 9. Demand for Jury Trial

9.1  Plaintiffs demand trial by jury on all issues.

Dated this ___ day of August, 2014.  
**HERRMANN SCHOLBE**

_____  
CHARLES HERRMANN (WA #6173)  
Attorney for Plaintiff  
*Pro Hac Vice*

**HERRMANN SCHOLBE**

_____  
JOHN SCHOLBE (WA #29433)  
Attorney for Plaintiff  
*Pro Hac Vice*

Dated this _18th_ day of August, 2014  
**LAW OFFICE OF RICHARD E. BROWN**

*Richard E. Brown*  
_____  
RICHARD E BROWN (CA #104253)  
Attorney for Plaintiffs

Complaint

6

**HERRMANN SCHOLBE LAW FIRM**  
505 5th Ave South, Ste. 630  
Seattle, WA 98104  
P: 206.625.9104  
F: 206.682.6710