1

2

3

4                                UNITED STATES DISTRICT COURT

5                              NORTHERN DISTRICT OF CALIFORNIA

6

7    BOO JA CHOI,                              Case No.  14-cv-03738-JST
                  Plaintiff,
8
         v.                                    **ORDER GRANTING MOTION TO
9                                              DISMISS FOR LACK OF
     ASIANA AIRLINES, INC.,                    JURISDICTION**
10
                  Defendant.                   Re: ECF No. 35
11

12

13         Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of

14   Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) and Rule 12(h)(3) of the Federal Rules of

15   Civil Procedure.  ECF No. 35.  The Court will grant the motion.

16   **I.     BACKGROUND**

17         On August 18, 2014, Plaintiff filed a complaint alleging that she suffered injuries on

18   August 21, 2012 during a flight from Honolulu, Hawaii to Incheon, Republic of Korea.  ECF No.

19   1, ¶ 4.  Plaintiff's alleged injuries occurred while the plane experienced severe turbulence over

20   Japanese airspace.  Id.  Plaintiff's mother was also on the flight, and is also alleged to have

21   suffered injuries as a result of the turbulence.  Id.  Plaintiff and her mother also filed a lawsuit in

22   Korea that substantially mirrors this case.  ECF No. 36, Decl. of Ivy L. Nowinski ("Nowinski

23   Declaration"), ¶ 6 & Ex. C.

24         Plaintiff invokes this Court's jurisdiction pursuant to the Convention for the Unification of

25   Certain Rules for International Carriage by Air, May 28, 1999, reprinted in Senate Treaty

26   Document No. 106-45, 1999 WL 33292734 ("Montreal Convention").  The Montreal Convention

27   is a treaty that governs "all international carriage of persons, baggage or cargo performed by

28   aircraft for reward."  Montreal Convention, Art. 1(1).  The Convention provides the "exclusive

United States District Court
Northern District of California

United States District Court
Northern District of California

1    basis for a lawsuit against an air carrier for injuries arising out of international transportation."

2    Kruger v. United Airlines, Inc., 481 F. Supp. 2d 1005, 1008 (N.D. Cal. 2007).  The parties do not

3    dispute that the Montreal Convention governs jurisdiction in this action, but they do dispute

4    Plaintiff's "principal and permanent residence" as that phrase is used in the Convention.

5         Plaintiff is a Korean national with a Korean passport, but she is also officially a U.S.

6    permanent resident.  Nowinski Decl., Ex. F; ECF No. 43-1, Decl. of Boo Ja Choi ("Choi

7    Declaration"), ¶ 3 & Ex. A.  She has had her official Korean residence deleted, but is registered as

8    a Korean domestic resident and has been since 2002.  Nowinski Decl., Ex. A at 5, Ex. B at 3, Ex.

9    E; ECF No. 37, Decl. of Choon-Won Lee, ¶¶ 3, 4 & Ex. B.  On her Korean domestic resident

10   form, Plaintiff reports that she has maintained a residence in Korea since 2002, and has lived in an

11   apartment numbered 105-1702 in Seoul, Korea since 2004.[1]  Nowinski Decl., ¶ 7 & Ex. A at 4,

12   Ex. B at 3, Ex. E.  Neither party disputes that she has maintained a Korean residence since 2002.

13        Plaintiff's family planned to relocate, in its entirety, to the United States in 2002.  Choi

14   Declaration, ¶ 2.  Plaintiff took some steps to accomplish this relocation.  She purchased a

15   condominium in the United States, in Honolulu, Hawaii, in 2007.  ECF No. 33-3, Decl. of Yedid

16   Miranda ("Miranda Declaration"), ¶ 2 & Ex. A.  Both of her sisters have lived in Hawaii at certain

17   times, and in her response to Defendant's interrogatories, Plaintiff  gives her sisters' addresses as

18   being in Honolulu.  Nowinski Decl., Ex. A at 7; Choi Decl., ¶ 2.  Plaintiff claims that she lived in

19   Whittier, California from approximately 2008 until 2009, and that she lived with one of her sisters

20   in Buena Park, California from approximately 2009 until 2012, although Plaintiff's passport only

21   shows she was in California for eleven days in 2008, twenty-four days in 2009, and six weeks in

22   2012.  Nowinski Decl., Ex. F; Choi Decl., ¶¶ 8, 9; ECF No. 43-26, Decl. of John Scholbe

23   ("Scholbe Declaration"), Ex. A.  She maintains bank accounts in the United States, and her son

24   lives and attends school here.  Nowinski Decl., Ex. A at 5, 6, 8; Choi Decl., Ex. H.  Plaintiff pays

25   her son's educational expenses.  Nowinski Decl. at 5, 8; Choi Decl., Ex. E.

26        Plaintiff has a California driver's license, which she apparently applied for when she

27

28   [1] The Korean address system changed in July 2011, so the form of the address varies somewhat
     among the documents.

United States District Court
Northern District of California

1   moved to Los Angeles in 2008.  Choi Decl., ¶ 12 & Ex. G.  She renewed her license in 2013.  Id.

2   Plaintiff also was issued a Hawaii driver's license, which has since expired.  Choi Decl., ¶ 7 & Ex.

3   D.  While in Los Angeles, Plaintiff paid for automobile insurance.  Choi Decl., ¶ 12 & Ex. I.

4   Plaintiff also has a U.S. Social Security card, which was issued in 2002.  Choi Decl., ¶ 4 & Ex. B.

5          Plaintiff's condominium in Hawaii was foreclosed on in 2008 and resold in 2009.  Miranda

6   Decl., ¶ 2 & Ex. A; Nowinski Decl., ¶ 9, 10.  Plaintiff asserts that she resided at various addresses

7   in Southern California since 2008, but she has not accurately identified those addresses.  Miranda

8   Decl., ¶¶ 3, 4 & Ex. B; Nowinski Decl., Ex. A at 4; Choi Decl., ¶¶ 10, 11.  Plaintiff also has not

9   produced any lease or rental agreements, or housing contracts for any residences in La Habra,

10  California or Anaheim, California, though she asserts that she resided in those locations.

11  Nowinski Decl., Ex. C at 3.  On the last page of her passport, which issued on December 22, 2006,

12  Plaintiff listed as her "overseas address" the same Honolulu, Hawaii address as that of her friend,

13  Efren Guerrero.  Compare Nowinski Decl., Ex. A at 7, with Ex. F.

14         Plaintiff works in Korea and was doing so at the time of the accident.  Id., Ex. A at 2, 3.

15  Her position as a professor at Seogang University began in 2004 and continues to the present.  Id.

16  She had planned to begin working in a second position in Korea, at Einstein Corporation, in

17  September 2012, but she was unable to do so because of the accident that is the subject of her

18  complaint.  Id. at 14; Choi Decl., ¶ 25.  Her employment at Einstein Corporation commenced in

19  January 2013.  Nowinski Decl., Ex. A at 14.

20         Plaintiff's passport shows that she traveled between Korea and the United States fairly

21  regularly from 2006 until 2012, but that she usually only stayed in the United States for one to

22  three weeks at a time, and never was in the United States for more than eight weeks of any year in

23  total.  Nowinski Decl., ¶¶ 12-20 & Ex. F.  Plaintiff does not appear to dispute that the greatest

24  amount of time she spent in the United States in any single year was two months.  See Scholbe

25  Decl., ¶¶ 5-6 & Ex. A; Choi Decl., ¶¶ 20-22.  Her passport shows that, in 2012, Plaintiff was in the

26  United States for one six-week period, and one two-week period.  Nowinski Decl., Ex. F; Scholbe

27  Decl., Ex. A.

28

3

## II.    LEGAL STANDARD

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move to dismiss an action for lack of subject-matter jurisdiction.  The plaintiff in an action always bears the burden of establishing subject-matter jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  Id.  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  Id.

Where, as here, a defendant makes a factual attack, "the defendant may introduce testimony, affidavits, or other evidence to dispute the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  Terenkian v. Republic of Iraq, 694 F.3d 1122, 1131 (9th Cir. 2012) (internal alterations and quotations omitted).  In the case of a factual attack, the court does not presume the truth of the plaintiff's allegations.  Id. (citation omitted).  Once the defendant has produced evidence in support of its attack, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  Safe Air, 373 F.3d at 1039.

## III.    ANALYSIS

The Montreal Convention permits a passenger-plaintiff to bring an action against a carrier in five potential jurisdictions.  In re Air Crash over Mid-Atlantic on June 1, 2009, 760 F. Supp. 2d 832, 836 (N.D. Cal. 2010) (citing Montreal Convention, Art. 33(1), (2)).  Plaintiff asserts jurisdiction in California, which she alleges is "the territory . . . in which at the time of the accident [she] [maintained] her principal and permanent residence," the fifth jurisdictional option provided in the Montreal Convention.  Id. (citing Montreal Convention, Art. 33(2)).

The Montreal Convention defines a "passenger's 'principal and permanent residence' . . . as 'the one fixed and permanent abode of the passenger at the time of the accident.'"  Id. (citing

1    Montreal Convention, Art. 33(3)(b)).  Courts in the United States have interpreted "principal and

2    permanent residence" to mean something akin to the concept of "domicile," which includes an

3    evaluation of both the objective facts establishing the plaintiff's actual residence, and the

4    plaintiff's subjective intent to remain in that residence.  See id. (citing Hornsby v. Lufthansa

5    German Airlines, 593 F. Supp. 2d 1132, 1137-39 (C.D. Cal. 2009)).

6         The parties agree that the facts establish, at the least, that Plaintiff had the subjective intent

7    to make the United States her residence.  ECF No. 43 at 10; ECF No. 44 at 2; see also Choi

8    Declaration, ¶ 2 ("It has been a long standing intention of my family to immigrate to the United

9    States . . . .").  Accordingly, the Court only addresses the issue of Plaintiff's actual, physical

10   residence at the time of the incident, which the parties dispute.

11        The Court finds that, in form, at the time of the alleged incident Plaintiff was a United

12   States permanent resident and only a temporary Korean resident.  But in reality and in substance,

13   Plaintiff never established her actual residence in the United States.

14        At most, Plaintiff spent eight weeks of the year in the United States.  By her own account,

15   in most years since she became a "permanent" U.S. resident, Plaintiff was not in the United States

16   nearly that many weeks.  The rest of the time—at least ten months of each year—Plaintiff lived

17   and worked in Korea.  Plaintiff resided in her "temporary" residence in Korea for approximately

18   eight years leading up to the incident – and continues to do so to this day.  But she never stayed at

19   a single U.S. address for more than a year or two, and even then she was only physically at any

20   individual address for a few weeks in total.  Plaintiff has been employed in Korea consistently, at

21   least since 2004, including during the time of the incident.  And shortly after the incident, she

22   planned to take on a second job at a company in Korea.

23        When Plaintiff was in the United States, she generally stayed with family and friends,

24   though she did briefly own a property in Hawaii.  Although Plaintiff claims to have lived in

25   various places in the United States, she has not produced any rental or housing contracts, and in

26   her interrogatory responses she misidentified the address at which she claims now to reside in the

27   United States.  These facts suggest that she visited, but did not actually live, in these various

28   locations.  These facts do not show that Plaintiff ever took up residence here.

United States District Court
Northern District of California

5

United States District Court
Northern District of California

1    Plaintiff places some weight on her possession of driver's licenses, a Social Security card,

2    and bank accounts in the United States.  Although these items may have made Plaintiff's visits to

3    the United States more convenient, they lend no physical gravity to her relationship to the country.

4    And they are insufficient to overcome the abundant evidence showing that when Plaintiff was in

5    the United States, she was just visiting.

6    Likewise, Plaintiff's adult son's presence and education in the United States cannot be

7    attributed to Plaintiff for the purposes of establishing her principal and permanent residence.  Nor

8    can her friends and family's residences and/or hospitality be attributed to her residence.

9    On the facts of this case, the Court finds that while Plaintiff may have had the subjective

10   intent to *someday* make the United States her "principal and permanent residence," she never

11   established residence in the United States.  Cf. Creedence Clearwater Revival, "Someday Never

12   Comes" on Mardi Gras (Fantasy Records 1972).  This is not a case where she had an established

13   residence in the United States, and then temporarily moved elsewhere.  See Hornsby, 593 F. Supp.

14   2d 1132.  Rather, the facts show the opposite:  Plaintiff is a Korean national, established her

15   permanent residence there, and never relinquished that permanent residence—no matter what her

16   documentation appears to show, or that she visited and stayed with family and friends here.  In

17   short, as between Korea and the United States, it is impossible to conclude that the latter was

18   Plaintiff's "one fixed and permanent abode . . . at the time of the accident."

19   The United States was never Plaintiff's principal and permanent residence.  This Court

20   lacks jurisdiction to hear her claims.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

6

United States District Court
Northern District of California

1

**CONCLUSION**

2      For the foregoing reasons, the Court hereby grants Defendant's motion.  Plaintiff's

3  complaint is dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.[2]  The

4  Clerk shall close the file.

5      **IT IS SO ORDERED.**

6  Dated:  January 29, 2015

7

8   _____
                                JON S. TIGAR
9                        United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

_____

28  [2] Because the Court finds that it lacks jurisdiction to hear Plaintiff's complaint, it does not reach the issue of *forum non conveniens*.